IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

K V OIL & GAS, INC.,

    Plaintiff,

v.                CIVIL ACTION NO. 2:09-cv-00188

CENTRE EQUITIES, INC., et al.,

    Defendants.

---

IN RE: THREE RIVERS COMPANIES, LLC

    Debtor.

XTO ENERGY, INC,

    Plaintiff,

v.                CIVIL ACTION NO. 2:09-mc-00068

CENTRE EQUITIES, INC., et al.,

    Defendants.

**MEMORANDUM OPINION & ORDER**

The two cases captioned above began as one case in state court. Both cases were removed from the Circuit Court of Fayette County, West Virginia, where the initial case was docketed as Civil Action No. 06-C-355. This Memorandum Opinion & Order will resolve the procedural issues in these cases and the motions pending before the court, namely plaintiff XTO Energy, Inc's ("XTO")[1] Motion to Withdraw Reference to Bankruptcy Court [Docket 1 in Case No. 2:09-mc-

---

[1]   XTO is the successor-in-interest to plaintiff K V Oil & Gas, Inc. For ease of
(continued...)

00068], defendants Three Rivers Companies, LLC ("TRC") and Centre Equities, Inc. ("Centre") Motions to Consolidate Cases [Docket 2 in Case No. 2:09-mc-00068 and Docket 5 in Case No. 2:09-cv-00188] and Stay Proceedings Pending Ruling on Motion to Consolidate [Docket 3 in Case No. 2:09-mc-00068 and Docket 6 in Case No. 2:09-cv-00188]. For the reasons discussed below, XTO's Motion to Withdraw Reference is **GRANTED**; the defendants' Motion to Consolidate Cases is **GRANTED**, and the defendants' Motion to Stay Proceedings is **DENIED as moot**.

## I. Background

XTO is the lessee under an oil and gas lease that covers mineral interests in and under two separate but contiguous tracts or parcels of real estate in Fayette County. The defendants, Centre and TRC, acquired surface interests in the same parcels. Thereafter, a dispute arose between the parties concerning various rights and responsibilities relating to the parcels. On October 4, 2006, the initial civil action was filed in the Circuit Court of Fayette County, West Virginia. In the action, XTO seeks injunctive relief and a declaratory judgment as to the respective rights, duties and responsibilities of it and the defendants with respect to the matters in dispute and the parties' use of the land. In addition, the defendants have asserted counterclaims seeking declaratory judgment and monetary damages. In December 2006, the defendants filed a Demand for Trial by Jury pursuant to Rule 38 of the West Virginia Rules of Civil Procedure.

On January 20, 2009, TRC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia commencing the Georgia Bankruptcy Action. Thereafter, TRC filed a Notice of Removal with this

---

[1](...continued)
reference, I will refer to XTO throughout this Order regardless of when exactly K V Oil & Gas, Inc. ceased its interest in this case.

court, pursuant to 28 U.S.C. § 1452.[2] On March 12, 2009, the Georgia Bankruptcy Court transferred the Georgia Bankruptcy Action to the United States Bankruptcy Court for the Southern District of West Virginia.

XTO filed its own Notice of Removal in this matter on April 20, 2009, directly with the United States Bankruptcy Court for the Southern District of West Virginia. In that document, XTO argued that TRC's Notice of Removal was procedurally defective. Specifically, XTO asserted that the Federal Rules of Bankruptcy Procedure require that the notice of removal be filed directly with the bankruptcy clerk and not with the district court clerk. Accordingly, XTO claimed that it was filing the Notice of Removal in order "to effect a procedurally correct and valid removal" of the Fayette County action. (Notice Removal 3 [Docket 1 in Case No. 2:09-ap-02014].)

## II. Discussion

This case presents a number of issues for the court to resolve. As an initial matter, I will address the removal process and the court's jurisdiction over this case. Thereafter, I will determine whether this dispute belongs in this court or in the United States Bankruptcy Court for the Southern District of West Virginia. After resolving that question, I will address the remaining pending motions.

---

[2] TRC actually filed the Notice of Removal in both the United States Bankruptcy Court for the Northern District of Georgia on February 20, 2009 and with this court on February 21, 2009. The removal was clearly improper in Georgia, as the statute requires removal "to the district court for the district where such civil action is pending" and the removed action was pending in Fayette County, West Virginia. Furthermore, in filing the Notice of Removal with this court, TRC did not edit the caption at all and filed the document as though it was still in the Bankruptcy Court for the Northern District of Georgia. In the interest of justice, this court will accept the filing, but all future filings should bear the appropriate caption.

### A. Removal of a Case Under 28 U.S.C. § 1452

Both TRC and XTO attempted to remove this case from the Circuit Court of Fayette County, West Virginia to federal court under 28 U.S.C. § 1452. That statute allows for a party to remove a civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction . . . under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 of Title 28 states, in pertinent part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

Neither party disputes that this case is related to a case under title 11. Rather, XTO asserts that TRC's removal was procedurally incorrect because it was removed directly to this court, rather than to the bankruptcy court. In support of this assertion XTO cites to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, which states that "notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed. R. Bankr. P. 9027(a)(1). Furthermore, XTO notes that "clerk" is defined as "bankruptcy clerk" by Federal Rule of Bankruptcy Procedure 9001(3).

Although the Federal Rules of Bankruptcy Procedure plainly allow for the removal to be filed with the bankruptcy clerk, it is not procedurally improper to file removal under 28 U.S.C. § 1452 directly with the district court. The plain language of the statute clearly allows for removal directly to the district court rather than only to the bankruptcy court. Furthermore, whether a notice of removal is filed with this court and then referred to the bankruptcy court or filed directly with the bankruptcy court has no practical effect on the case. *See In re Seven Fields Development Corp.*, 505 F.3d 237, 247 n. 8 (3d Cir. 2007). That court noted that "even if we concluded that the notice of

-4-

removal should have been filed with the district court and that the filing error compels us to reverse, our ruling would be meaningless" because federal law "provides that when a civil action is filed with a district court (of which the bankruptcy court is a unit) with a want of jurisdiction the court shall in the interest of justice transfer the case to a court in which it could have been filed originally." *Id.* In other words, regardless of to which court removal is appropriate, the case need just arrive in the proper court for decision on the merits. In this case, either I will refer the action in the district court to the bankruptcy court or I will withdraw the reference in the action in the bankruptcy court and allow it to proceed in the district court. Either way, the appropriate court will resolve the merits of the case. Accordingly, I find no procedural problem with the removal of this case that I cannot resolve by this order.

### B. Motion to Withdraw Reference

XTO moved to withdraw the reference in Case No. 2:09-mc-00068. In the motion, XTO asserts that the defendants' jury trial demand cannot be withdrawn without the consent of all parties and XTO refuses to consent to such a withdrawal. Further, XTO asserts that a bankruptcy court can only conduct a jury trial in an Adversary Proceeding if all parties consent and XTO refuses to consent. Accordingly, the jury trial must be conducted by this court and XTO argues that I should withdraw the reference immediately, rather than waiting to do so at trial. In support of this argument, XTO asserts that cause exists for permissive withdrawal under 28 U.S.C. § 157(d).

XTO is correct that the jury demand may not be withdrawn without the consent of all parties and that the bankruptcy court may not conduct a jury trial without the consent of all parties. Accordingly, XTO can withhold its consent in both instances and this court must conduct the trial in the action. However, this court need not withdraw the reference immediately. In noting that it

is reasonable for a district court to allow the bankruptcy court to conduct discovery in a case before the reference is withdrawn, the Fourth Circuit declined to create such a rule and instead left discretion with the district court. *See In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993). The court stated:

> Our holding that bankruptcy judges are not authorized to conduct jury trials does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibilities for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial. . . . This type of pragmatic decision is best left to the district court . . . .

*Id.*

In support of its argument that the court should withdraw the reference immediately, XTO notes that the bankruptcy court does not have any more familiarity with the case than this court does. In addition, XTO asserts that the Adversary Proceeding is non-core and that there is good cause to withdraw the reference immediately. Furthermore, XTO argues that withdrawing the reference will be the most efficient method of resolving this matter because the jury trial will ultimately be held in this court and, therefore, this court can become more familiar with the case prior to trial.

In order to answer the pragmatic question of how to most efficiently manage this case, I will take all the arguments for withdrawing the reference into consideration.

XTO argues that even if the jury trial right does not sway the court to withdraw the reference, cause still exists for permissive withdrawal under 28 U.S.C. § 157(d). That section provides, in pertinent part, that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown." 28 U.S.C. § 157(d). In determining whether to exercise my discretion and withdraw the case for cause, I must consider the following factors: (1) whether the proceeding is core or non-core;

(2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *Allen v. National City Mortg.*, No. 2:04-cv-188, 2006 WL 3899997, *2 (S.D. W. Va. July 13, 2006). The most important factor is whether the case presents a core or non-core proceeding. *Id.*

For a matter to be considered a "core" proceeding, it must "arise under" title 11 or "arise in" a case in title 11. 28 U.S.C. § 157(b)(1). Section 157(b)(2) contains a non-exhaustive list of the types of core proceedings, which includes but is not limited to "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship . . . ." *Id.* § 157(b)(2). I note that "[s]imply because the proceeding presents questions of state law does not necessarily mean that the proceeding is 'non-core' or otherwise beyond the jurisdiction of the bankruptcy courts." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 856-57 (Bankr. E.D. Va. 1995). The dispositive issue instead is the centrality of the proceedings to the bankruptcy case. *In re Sys. Eng'g & Energy Mgmt. Assoc., Inc.*, 252 B.R. 635, 642 (Bankr. E.D. Va. 2000).

A civil proceeding *arises under* title 11 when the cause of action or right is one that is created by the Bankruptcy Code. *See In re Aheong*, 276 B.R. 233, 242-46 (B.A.P. 9th Cir. 2002). "To determine whether a proceeding 'arises under' title 11, [a court applies] the same test used for deciding whether a civil action presents a federal question under 28 U.S.C. § 1331." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. at 855. Accordingly, a proceeding arises under title 11 (and therefore is a core proceeding) if "a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that the plaintiff's right to relief necessarily depends

on resolution of a substantial question of federal [bankruptcy] law." *Id.* (quotation omitted). A civil proceeding *arises in* title 11 if it "is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007). Additionally, in determining whether a proceeding is core or non-core, courts have considered whether: (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2); (2) the claims existed prior to the filing of the bankruptcy case; (3) the claims are based entirely on state law or otherwise existed independently from title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings. *See Caperton v. A.T. Massey Coal Co.*, 270 B.R. 654, 657 (Bankr. S.D. W.Va. 2001); *In re Sys. Eng'g & Energy Mgmt. Assoc., Inc.*, 252 B.R. at 642.

It is clear from the face of the plaintiff's Complaint that the civil proceeding does not allege any cause of action or question under the Bankruptcy Code and thus did not arise under the bankruptcy proceeding. The Complaint presents state law claims. Moreover, it is also clear that each of the plaintiff's claims could have been filed if the debtors never filed for bankruptcy and thus did not arise in the bankruptcy. In fact, the case was ongoing in Fayette County for over two years before TRC filed for bankruptcy and attempted to remove this case. I **FIND** that the Complaint, therefore, presents a non-core proceeding, which weighs heavily in favor of withdrawal. As argued by XTO, because this court must necessarily conduct the jury trial, withdrawing the reference would promote judicial economy and more efficiently use the parties' resources. Withdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Complaint raises issues governed by non-title 11 law. None of the other factors weigh against withdrawing the reference. Because the factors weigh heavily in favor of withdrawal for cause, I

exercise my authority under § 157(d) to withdraw the reference of this case. XTO's Motion to Withdraw Reference therefore is **GRANTED**.[3]

### C. Motion to Consolidate and Motion to Stay

As noted above, the two cases captioned at the head of this Memorandum Opinion and Order are exactly the same. For good cause shown, the defendants' Motion to Consolidate is **GRANTED**. Accordingly, pursuant to Federal Rule of Civil Procedure 42(a), after the clerk withdraws the reference from Case No. 2:09-mc-00068, the clerk is further **DIRECTED** to consolidate that action with Case No. 2:09-cv-00188. Case No. 2:09-cv-00188 shall be designated as the lead case, and the matter shall proceed under that styling. Because I have resolved the Motion to Consolidate, the Motion to Stay is hereby **DENIED as moot**.

### III. Conclusion

For all the reasons discussed above, XTO's Motion to Withdraw Reference to Bankruptcy Court is **GRANTED**, the defendants' Motion to Consolidated is **GRANTED**, and the defendants' Motion to Stay is **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: August 27, 2009

Joseph R. Goodwin, Chief Judge

---

[3] Because I exercised my discretion to withdraw the reference, there is no reason to refer Case No. 2:09-cv-00188 to the bankruptcy court and then immediately withdraw the reference for the above stated reasons.